* * * * * * * * * * *
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Ledford and the briefs and oral arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Ledford with modifications.
 * * * * * * * * * * * *Page 2 
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties as:
 STIPULATIONS
1. The parties are subject to and bound by the North Carolina Workers' Compensation Act.
2. At all relevant times, Plaintiff was and is an employee of the Defendant-Employer.
3. Plaintiff suffered a compensable work related specific traumatic incident on or about September 16, 2002.
4. At the hearing before the Deputy Commissioner, the parties stipulated to the submission of the following documents into evidence.
 1. Stipulated Exhibit 1 — Time Record Journal for Plaintiff;
 2. Stipulated Exhibit 2 — March 6, 2006 letter from Kathy Peoples of Penn National Insurance with enclosures;
 3. Stipulated Exhibit 3 — March 28, 2006 letter from Kathy Peoples;
 4. Stipulated Exhibit 4 — April 4, 2006 letter from Kathy Peoples with enclosures;
 5. Stipulated Exhibit 5 — Plaintiff-Employee Wage Record;
 6. Stipulated Exhibit 6 — Payments and Recoveries (Indemnity Payments) for Plaintiff's 2001 injury by accident;
 7. Stipulated Exhibit 7 — Payments and Recoveries (Indemnity Payments) for Plaintiff's 2002 injury by accident; *Page 3 
 8. Stipulated Exhibit 8 — Form 60 for injury by accident of 9-16-02 (IC 317285);
 9. Stipulated Exhibit 9 — Form 62 dated 5-27-03 for injury by accident of 9-16-02 (IC 317285);
 10. Stipulated Exhibit 10 — Form 62 dated 1-29-04 for injury by accident of 9-16-02 (IC 317285);
 11. Stipulated Exhibit 11 — Form 28 dated 12-17-03 for injury by accident of 9-16-02 (IC 317285);
 12. Stipulated Exhibit 12 — Form 28B dated 12-17-03 for injury by accident of 9-16-02 (IC 317285); and
 13. Stipulated Exhibit 13 — Plaintiff's medical records.
 * * * * * * * * * * * ISSUE
What is the correct calculation of Plaintiff's average weekly wage and resulting compensation rate for the injury of September 16, 2002 (I.C. no. 317285)?
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff sustained a non-work related injury to his back in 2000. He underwent back surgery in January 2001. Plaintiff later returned to work for the employer in 2001.
2. Plaintiff sustained a work-related injury by accident, which was accepted as compensable on December 20, 2001. That case file is I.C. no. 223574. Plaintiff was paid *Page 4 
temporary total disability benefits, and holiday pay for the period of December 22, 2001, through the period ending January 19, 2002.
3. Plaintiff returned to work prior to the pay period which is designated as "February 9, 2002" on Exhibit 1 of the record in this matter. As shown on Exhibit 1, for the week of time sheet no. 40354, the date shown is 2/9/2002 and the hours are 37.50, with wage payment of $405.60. For the next pay period designated with 2/16/2002 (time sheet no. 40457) Plaintiff worked 38.5 hours and was paid $416.42. For the pay period designated as 2/23/2002 (time sheet no. 40564), Plaintiff worked 40 hours, and was paid $481.31
4. Plaintiff worked 38.5 hours for the pay period designated 3/2/2002 (time sheet no. 40683), for which he was paid $416.42. In the next pay period designated 3/9/2002, Plaintiff worked 22.5 hours and took 10 hours of sick leave, and was paid for a total of 32.5 hours (time sheet no. 40799), with wages of $351.52. Plaintiff was paid for a 40-hour week, including sick and vacation pay, for the next pay period shown as 3/16/2002 (time sheet no. 40916) for which he was paid $432.64. For the next week shown as 3/23/2002 (time sheet no. 41042) Plaintiff worked 32 regular hours, and 4.5 hours overtime, and had 8 hours of vacation and was paid a total of $505.65. For the last period of the month of March shown as 3/30/2002 (time sheet no. 41149), Plaintiff worked 37 hours and was paid $400.19.
5. For the first pay period in April 2002, shown as 4/6/2002, Plaintiff worked 40 regular hours and 7 hours overtime (time sheet no. 41276), and was paid $546.21. During the next period of 4/13/2002 (time sheet no. 41385), Plaintiff worked 40 regular hours and .5 hours overtime and was paid $440.75. For the period shown as 4/20/2002 (time sheet no. 41501), Plaintiff was paid $432.64 for a total of 40 hours, 35.5 hours of regular work and 4.5 hours of *Page 5 
sick leave. For the period shown as 4/27/2002 (time sheet no. 41618), Plaintiff worked 19 hours and took 17 hours of vacation leave and was paid $389.37 for 36 hours total.
6. For the period shown as 5/4/2002 (time sheet no. 41735), Plaintiff worked 32 hours, and was paid $346.11. In the next period shown as 5/11/2002 (time sheet no. 41845), Plaintiff worked 26.5 hours and was paid $286.62. Stipulated Exhibit one indicates no hours or salary paid to Plaintiff for the week shown as 5/18/2002, and between May 11 and the end of the month, shows only that he was paid $86.53 for 8 hours of "holiday" pay on May 25, 2002 (time sheet no. 42107). Per Plaintiff's testimony around May 25, 2002 he went to Greece on vacation, visiting family.
7. For the pay period of June 15, 2002 (time sheet no. 42455), Plaintiff worked 40 hours, and was paid $456.98. The next pay period of 6/22/2002, he worked 38.5 hours (time sheet no. 42525), and was paid $416.42. During the pay period shown as 6/29/2002 (time sheet no. 42712), Plaintiff was paid $383.97 for 27.5 hours work and 8 hours of vacation, a total of 35.5 hours.
8. Plaintiff worked 34.5 hours for the period of 7/6/2002 (time sheet no. 42838) and was paid $373.15. He worked 40 regular hours and 4 hours overtime for the period shown as 7/13/2002 (time sheet no. 42963), for which he was paid $497.54. For the period of 7/20/2002 (time sheet no. 43091), Plaintiff worked 31 hours and was paid $335.30. For the next pay period of 7/27/2002 (time sheet no. 43196), Plaintiff worked 31 hours and took 8 hours sick leave and was paid $421.83 for a total of 39 hours.
9. For the pay period of 8/3/2002 (time sheet no. 43302), Plaintiff was paid for 16 hours of work and 16 hours of disability, a total of 32 hours, for which he was paid a total of $346.12. He was paid $416.42 for 38.5 hours total for the period of 8/10/2002 (time sheet no. *Page 6 
43381), with 32.5 hours of work and 6 hours of sick leave. For the next period of 8/17/2002 (time sheet no. 43512), Plaintiff was paid $400.19 for 37 hours of work. For the period of 8/24/2002 (time sheet no. 43532), he was paid $221.73 for 20.5 hours. Plaintiff worked 26 hours with 8 hours of vacation pay, a total of 34 hours for the period shown as 8/31/2002 (time sheet no. 43625), and was paid $367.75.
10. In September, Plaintiff worked 40 regular hours and 3.5 hour overtime for the period of 9/7/2002 (time sheet no. 43724), for which he was paid $489.42. He worked and was paid $91.94 for only 8.5 hours (one day) of the pay period of 9/14/2002 (time sheet no. 43832). Plaintiff sustained his work injury by accident to his back on September 16, 2002.
11. Plaintiff's injury of September 16, 2002 was accepted as compensable on a Form 60 dated 10-15-02. Per that Form 60, the carrier began paying Plaintiff temporary total disability benefits based upon an average weekly wage of $432.80 and a compensation rate of $288.54.
12. Plaintiff had a couple of periods where he returned to work on a trial basis, but went out of work again due to his back injury. The Defendants filed forms 62 and 28. It appears that the last period of reinstating temporary total disability compensation began on 1-15-04. As shown by the Form 62 dated 1-19-04, the carrier began paying benefits again at the rate of $288.54 per week.
13. On March 6, 2006, Kathy Peoples a Claims Specialist with the carrier Penn National Insurance sent Plaintiff a letter notifying him that the carrier was modifying or correcting his compensation payments and that his corrected average weekly wage was $357.70, with a compensation rate of $238.48, which would be reflected in his next disability check. She also calculated an "overpayment" of $10,466.27, which the carrier intended to deduct from future payments. *Page 7 
14. In response to inquiry from Plaintiff, Kathy Peoples requested additional wage information from the employer and recalculated Plaintiff's average weekly wage to be $371.32, with a compensation rate of $247.56. By letter dated April 4, 2006, Ms. Peoples advised Plaintiff of the same and that she now calculated an overpayment of $7,124.45. The carrier began paying compensation at the rate of $247.56 which continued as of the hearing before the Deputy Commissioner.
15. Following his February 2002 return to work after his first work injury of 2001, the documents of record show that from the pay period of Feb. 9, 2002 until the pay period of September 14, 2002, Plaintiff worked a total of 27 weeks and 2 days, which would include his sick pay and vacation pay, including the one day of vacation on May 25, 2002. This is a total of 191 days. During this 191-day period, Plaintiff earned wages totaling $11,070.21, or $57.96 per day or $405.72 per week.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. In calculating the Plaintiff's average weekly wage, the Commission follows the guidance of N.C. Gen. Stat. § 97-2(5). It would be inappropriate to consider the periods during which Plaintiff was drawing disability benefits in 2001 and 2002 due to his prior injury. The Full Commission concludes that the most appropriate method of calculating Plaintiff's wages prior to his injury of September 16, 2002 is to consider his wages earned in the return to work period as shown on the stipulated exhibits from the pay periods shown as February 9, 2002 through the pay period shown as September 14, 2002. N.C. Gen. Stat. § 97-2(5). *Page 8 
2. Applying this formula shows a total of 191 days for this period of time. It is not appropriate to include the period of time in May and June 2002 when Plaintiff was on vacation in Greece, but was not receiving vacation pay, in calculating the wages paid during this period. The fairest method is to count the one day of wages for paid vacation on May 25 as only one day. N.C. Gen. Stat. § 97-2(5).
3. This method yields an average weekly wage of $405.72 prior to and applicable to Plaintiff's accident of September 16, 2002, yielding a compensation rate of $270.49. N.C. Gen. Stat. § 97-2(5).
4. Where the carrier improperly computed the Plaintiff's average weekly wage three times, resulting first in overpayment based upon a calculation of an average weekly wage of $432.80, and in the second two instances in underpayments (average weekly wage calculations of $357.70 and $371.32), the Commission is not obligated to give a credit for overpayment of benefits. N.C. Gen. Stat. § 97-42.
5. Plaintiff appeared pro se at the hearing before the Deputy Commissioner, but subsequently retained an attorney who filed contentions on his behalf. This attorney should be awarded an appropriate fee pursuant to N.C. Gen. Stat. § 97-90. Where this is an accepted case and Plaintiff was receiving ongoing benefits, it is inappropriate to award a fee based upon the entire amount of the payments going to the Plaintiff, as the same was not earned by counsel (i.e. Plaintiff's counsel would not be entitled to receive every fourth check). Rather the fee should be based upon the result, which is an increase of $22.93 per week in payment to Plaintiff.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following: *Page 9 
 AWARD
1. Defendants shall immediately revise the ongoing payment of temporary total disability benefits to Plaintiff to reflect the weekly compensation rate of $270.49.
2. Defendants shall pay Plaintiff a lump sum of the difference due based upon the compensation previously paid at the erroneous rates of $238.48 per week and $247.56 per week, rather than the correct rate of $270.49. Such compensation shall be paid in a lump sum, subject to the attorney's fee approved herein.
3. Defendants request for a credit for the initial overpayment of temporary total disability benefits at the higher rate of $288.54 per week is denied.
4. Considering the valuable assistance rendered by counsel, who did not appear at hearing before the Deputy Commissioner, but appeared post-hearing through contentions, a reasonable attorney's fee of twenty percent (20%) of the lump sum due Plaintiff for underpayment of compensation is approved for his counsel, to be deducted from the lump sum due. An additional fee of twenty percent of the difference between $270.49 and $247.56 ($22.93), which would be $4.58 per compensation payment is approved for Plaintiff's counsel. Defendants shall deduct $4.58 per check due Plaintiff in ongoing temporary total disability compensation as a fee for Plaintiff's counsel, which may be paid once every fourth check due Plaintiff in the total amount of $18.32 paid directly to Plaintiff's counsel.
5. Defendants shall pay the cost of this matter.
This 10th day of December 2007.
 S/______________________
 CHRISTOPHER SCOTT
 COMMISSIONER *Page 10 
CONCURRING:
S/______________________ BERNADINE S. BALLANCE COMMISSIONER
S/______________________ DANNY LEE McDONALD COMMISSIONER *Page 1